Filed 3/12/15  Randal v. City of Los Angeles Civil Service Com. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MATTHEW A. RANDAL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF LOS ANGELES CIVIL SERVICE COMMISSION,<br><br>    Defendant,<br><br><br>CITY OF LOS ANGELES, DEPARTMENT OF WATER & POWER,<br><br>    Real Party in Interest and Respondent. | B250514<br><br>(Los Angeles County Super. Ct. No. BS138879) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James C. Chalfant, Judge.  Affirmed.

Matthew Randal, in pro. per., for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Richard M. Brown, General Counsel and Robin O'Sullivan, Deputy City Attorney for Real Party and Interest and Respondent.

_____

Matthew Randal appeals from a judgment denying his petition for a writ of mandate. Because Randal failed to timely exhaust his administrative remedies, the petition was properly denied. We affirm the judgment.

## FACTS

Randal was employed as a security officer by the City of Los Angeles (City) at the Department of Water and Power from March 9, 2009 until his termination on August 19, 2011. He appealed his discharge to the Board of Civil Service Commissioners (Board) and an attorney represented him during those proceedings. The City cited three causes of action as grounds for his termination, including misconduct seriously reflecting on city employees, acts constituting a felony or misdemeanor as established by proper investigation, and use of City equipment without authorization. These causes of action were supported by the following allegations: (1) Randal used pepper spray on an employee of a department store on January 23, 2010; (2) he hit another car on September 3, 2010, during an incident of road rage; (3) he electronically recorded a meeting with his supervisors without their consent on November 15, 2010; (4) he used a City-owned vehicle without authorization to conduct personal business on September 14, 2010; and (5) he used a City-owned vehicle without authorization to go on a "food run" on November 15, 2010. An investigation was conducted by a hearing examiner, who oversaw eight days of hearings. The hearing examiner recommended the Board sustain the three causes of action against Randal.

At the Board hearing on May 10, 2012, Randal's attorney objected to the examiner considering the two off-duty incidents occurring on January 23, 2010 and September 3, 2010, as grounds for termination. He argued there was no nexus between Randal's employment and those two incidents. Randal admitted to the November "food run," but denied the allegation that he used a City-owned car without authorization. Randal's attorney urged the Board to consider the "food run" infraction as a first offense, keeping in mind that Randal had an outstanding record with no history of discipline. The commissioners rejected Randal's arguments, finding a nexus existed because Randal was issued the pepper spray as part of his duties and he may have used it on a department

2

store employee while off duty. The commissioners also noted the range of disciplinary action for a first offense included discharge. As a result, the Board sustained the causes of action and found Randal's discharge was appropriate.

The Board notified Randal of its action by letter dated May 14, 2012, sent to Randal's post office box in Los Angeles. Included in the letter was an admonishment that "[a]ny individual seeking judicial review of a suspension or discharge must seek such review within the 90-day period specified in California Code of Civil Procedure Section 1094.6. [¶] Also, within the same 90-day period hereinabove specified, the requirement of City Charter Section 1017 must be satisfied prior to filing of any court action. [¶] The claim for compensation and demand for reinstatement must be filed within 90 days from the date of the decision of the board." Thus, the 90 day period began on May 10, 2012, and ended on August 8, 2012.

Randal, appearing in pro. per., filed a petition for writ of mandate on August 9, 2012, in the Los Angeles Superior Court. He also filed a demand for reinstatement with the Board on August 21, 2012. In the demand, Randal apologized for failing to timely submit the demand; he explained, "I am representing my self [*sic*] due to budget constraints, even thought [*sic*] I filed my writ in the Stanly [*sic*] Mosk Superior Court House within the ninety (90) day period, I was not aware that the writ and the demand for reinstatement was [*sic*] separate forms, I believe they were the same form." The Board denied the demand as untimely.

In Randal's petition, he alleged the City failed to provide him with material evidence, which was later presented to the Board, in violation of *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194. In particular, Randal complained about the admission of reports from the Glendale Police Department regarding the two off-duty incidents, which he contended were inadmissible hearsay and to which Randal was not provided an opportunity to respond. Randal further argued his conduct did not justify discharge, particularly given his outstanding service and character for honesty and diligence. He claimed the two off-duty incidents were inappropriately stacked to justify two causes of action and lacked any nexus to his job. Randal concluded the on-duty incidents were

3

minor infractions that did not justify discharge.  The City filed a demurrer and the trial court granted it with leave to amend to clarify an ambiguity in the original petition about whether Randal filed his demand for reinstatement within the 90 day period.  Rather than file an amended petition as ordered by the court, Randal filed a document entitled, "Petitioner's Order of First Amended Petition for Writ of Administrative Mandate" on December 10, 2012.  In it, Randal stated he believed the petition for writ was also the demand for reinstatement because he had no legal assistance.  When he realized his error, he filed the demand on August 21, 2012, approximately 13 days after the 90 day period.  The trial court took the demurrer off calendar and ordered Randal to file a second amended petition.

The City filed a motion for judgment under Code of Civil Procedure section 1094[1] on the ground that Randal failed to exhaust his administrative remedies because he failed to file a demand for reinstatement within the 90 day period provided by the City Charter.  The motion for judgment was granted on May 14, 2013, and judgment was entered on June 3, 2013.  Randal timely filed a notice of appeal on July 31, 2013.

## DISCUSSION

Under administrative mandamus procedure, the superior court may review a decision by a city board of civil service commissioners to uphold a layoff, discharge, or suspension.  (Code Civ. Proc., § 1094.5.)  However, if an employee fails to fully pursue his administrative remedies, the court will not listen to his plea for reinstatement.

---

[1]     Code of Civil Procedure, section 1094 provides:  "If no return be made, the case may be heard on the papers of the applicant.  If the return raises only questions of law, or puts in issue immaterial statements, not affecting the substantial rights of the parties, the court must proceed to hear or fix a day for hearing the argument of the case.  [¶]  If a petition for a writ of mandate filed pursuant to Section 1088.5 presents no triable issue of fact or is based solely on an administrative record, the matter may be determined by the court by noticed motion of any party for a judgment on the peremptory writ."

4

(*Steen v. Board of Civil Service Commrs.* (1945) 26 Cal.2d 716, 721-722 (*Steen*) [addressing former section 112 1/2 of title IX of Los Angeles City Charter[2]].)

Section 1017 of the City of Los Angeles Charter provides: "Whenever it is claimed by any person that he or she has been unlawfully demoted, suspended, laid off or discharged, and that person has filed an application for a hearing as provided in Section 1016(c) and reinstatement or restoration to duty has been denied, the person may file a written claim for compensation and a demand for reinstatement. The claim and demand must be filed within 90 days from the date of the decision of the board following a hearing . . . The demand for reinstatement must be filed with the board and the claim for compensation must be filed with the City Clerk. *Failure to file a demand for reinstatement with proof of filing with the board, within the time specified in this section, shall be a bar to any action to compel reinstatement.* Proof of filing with the City Clerk of the claim for compensation within the time and in the manner specified shall be a condition precedent to any recovery of wages or salary claimed to be due on account of demotion, layoff, suspension or discharge." (Italics added.) The California Supreme Court has explained that proceedings before the Board, including those specified by section 1017, are in the nature of administrative remedies which are a part of the ultimate discharge. (*Steen, supra,* at p. 722.) Thus, a petition for writ of mandate is barred if the petitioner fails to file a demand for reinstatement within 90 days of the Board's decision.

Randal admits that his demand was 13 days late, filed on August 21, 2012, rather than August 8, 2012. The trial court properly denied Randal's petition. Randal's contention that he believed the writ petition and the demand for reinstatement were the same thing does not save his suit. We recognize that Randal was without legal counsel after the May 10, 2012 Board hearing. "However, we are unable to ignore rules of procedure just because we are aware of that fact. 'When a litigant is appearing in propria

---

[2]     On July 1, 2000, the City Charter was amended and article IX, section 112 1/2 was modified and renumbered to current article X, section 1017. The new provision did not effect material changes. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1083.)

5

persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation].' [Citations.]" (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.)

Even if we treat his writ petition to include the demand for reinstatement, Randal's writ petition was also untimely; it was filed one day late, on August 9, 2012.

## DISPOSITION

The judgment is affirmed.

BIGELOW, P.J.

We concur:

RUBIN, J.

FLIER, J.

6